KLEIN v. RESKE.

CREDITORS' SUIT—EVIDENCE—SUFFICIENCY.

On appeal from a decree dismissing plaintiff's bill in a suit by a judgment creditor to have equitable assets of defendants in certain real estate standing in the name of another applied to the satisfaction of his judgment, evidence *held*, sufficient to entitle plaintiff to a decree.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted April 17, 1924. (Docket No. 94.) Decided June 2, 1924.

Judgment creditor's bill by Michael Klein against Margaret Reske and others. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*George B. Murphy*, for plaintiff.

*Louis Ott*, for defendants.

CLARK, C. J. Plaintiff, a judgment creditor, filed complaint to have claimed equitable assets of Martin Reske and Margaret Reske, the judgment debtors, applied to the satisfaction of his judgment, alleging that certain real estate, to which defendant Gust Reske, *alias* Jack Lowry, has the record title, is, in truth and fact, owned by the judgment debtors. The bill was dismissed. Plaintiff has appealed. Whether the debtors own the property is the only question presented. Recognizing that the trial judge has the advantage, on this question of fact, of seeing the witnesses and hearing their testimony, we have given his opinion due consideration and have examined the record with much care. We are constrained to the view that plaintiff is entitled to decree.

Gustav Reske died July 28, 1901, leaving Margaret Reske, widow, nine minor children, and an estate from which $475 was realized.    In this strait, the widow, within a month, married Martin Reske, a widower, foster father of her deceased husband.    Martin Reske then owned a home on Granger avenue, Detroit, to which he took his wife and her children.    Mr. and Mrs. Reske lived there upwards of 20 years.    The children are now grown, and are all married except defendant Gust Reske, *alias* Lowry.    At the time of the trial Mr. Reske was aged 72 years and his wife 57 years.    Plaintiff was given judgment against Mr. and Mrs. Reske on January 31, 1922, for $957.60 and costs. Execution was issued and duly returned wholly unsatisfied.    On February 23, 1922, plaintiff told Mr. and Mrs. Reske that unless the judgment was paid by March 1st steps toward collection would be taken. Said defendants consulted a real estate agent, requested a quick sale, and on March 2, 1922, sold the Granger avenue home for $3,500, which netted them above encumbrances $2,700.    Defendant Gust Reske, *alias* Lowry, had lived in Chicago and in New York, was a painter by trade, and claims also to have had engagements to sing in vaudeville.    He claims to have changed his name to Lowry because of some arrangement with a Mr. Lowry of Chicago.    Mrs. Reske's mother died in February, 1922, and she desired that her son Gust attend the funeral.    There is credible testimony that he had no money, that he has never owned any considerable property, and that his mother supplied funds that he might come from Chicago to Detroit.    He remained in Detroit for several weeks. Immediately after the sale of the Granger avenue property, a lot, the land in question, was purchased, defendant Gust Reske, *alias* Lowry, paying down, as he says, $150 in currency on March 7th, and the remainder, $550, in currency on March 11th.    He testified of having the $150 in his trunk and of having ob-

tained $500 from Mr. Lowry for having changed his name.    A two-flat house was built on the property, the material, etc., for which defendant Gust Reske, *alias* Lowry, claims to have paid for.    Further particulars of his incredible story of obtained funds need not be stated.    Mr. and Mrs. Reske, in the afternoon of life, having no property worthy of note, except the $2,700 arising from the sale of the home, of which Mr. Reske was originally the owner, claim to have given each of the children of Mrs. Reske $200 because of the said sum realized from the estate of their father, and to have expended the remainder principally in litigation.    Mrs. Reske's sons-in-law were fond of her, and some of them helped to build the two-flat house. That they would aid the mother is shown.    That they would aid Gust Reske, *alias* Lowry, who had abandoned the family name, does not appear.    Mr. and Mrs. Reske now live in a part of the double house. That they thus stripped themselves of funds is refuted by the record.    We think they paid for the lot, for the materials for the house, and that they, aided as aforesaid, built it, and that they own the property, valued at between $5,000 and $9,000.

The decree is reversed, with costs of both courts to plaintiff.    Decree granting to plaintiff proper relief will be entered in this court.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.